# COMPLAINT

# EXHIBIT 13

# GREER, SCOTT & SHROPSHIRE, L.L.P.

A LIMITED LIABILITY PARTNERSHIP

ATTORNEYS AT LAW

Houston Office
50 Briar Hollow Lane, Suite 310 East
Houston, Texas 77027
(713) 223-0175
Fax: (713) 223-0174

Dallas Office
8117 Preston Road, Suite 300
Dallas, Texas 75225
(214) 706-9250
Fax: (713) 223-0174

October 14, 2013

**Via E-Mail; Original Via Certified Mail, Return Receipt Requested**

Mr. Nick Turner
Assistant County Attorney
Harris County Attorney's office
1019 Congress St.
15th Floor
Houston, TX   77002

Re:   Robert E. Moss—Separation of Employment as Deputy for Harris County Constable
      Precinct 1

Dear Mr. Turner:

As you know, this firm represents Robert E. Moss in connection with his April 16, 2013 termination of employment as a Deputy for Harris County Constable Precinct 1. Since his termination, Deputy Moss has repeatedly requested that the reason stated for his separation of employment as indicated on the Form F-5 signed by Kevin Maples be changed to state that he was "Honorably Discharged." Deputy Moss challenged the "General Discharge" reason for termination stated in the F-5, which he stated falsely indicates that he was terminated due to a pending investigation.

After we requested that your office provide documents supporting an allegation that Deputy Moss was under investigation at the time of his termination, you informed me in a September 27, 2013 e-mail that Deputy Moss "was not terminated because of any pending investigation. He was terminated under section (B) of "General Discharge." That section is for termination for a documented performance problem. The termination letter says, "Because you have no more available leave from work, your employment is terminated, effective immediately." Unexcused absences from work are performance problems."

Please be advised that this stated reason for termination is also false. First, as stated in the Notification of Earnings provided to Deputy Moss, on May 10, 2013 he was paid "net pay" of $141.22 for the payment periods April 20, 2013 through May 3, 2013. The Notification states that he had 1.2 sick

Mr. Nick Turner
October 14, 2013
Page 2

leave hours remaining on May 10, 2013. Therefore, Deputy Moss remained on the payroll due to accrued sick leave even after his April 16, 2013 termination. Second, Deputy Moss had been on approved medical leave since November 7, 2012, when he underwent surgery. He requested and received approved medical leave under the Family Medical Leave Act (FMLA) for a qualified disability. Deputy Moss also used his Vacation Leave and Compensatory Time while on paid leave. Under the Harris County medical leave policy, Deputy Moss was entitled to an additional leave of absence without pay for up to six months. Deputy Moss would have been entitled to continue health insurance coverage under the terms of COBRA during a leave of absence, and he would have qualified for retiree health insurance benefits upon his retirement. He was never informed of his right to those benefits until the time to apply had lapsed.

On March 25, 2013, Deputy Moss provided a letter to Constable Alan Rosen requesting that he be permitted to retire effective May 31, 2013. Deputy Moss stated that his "health and maintenance" required "this particular effective date." Constable Rosen's office had knowledge of Deputy Moss's request for continued medical leave, which was also a request for an accommodation for his disability. Rather than providing the requested accommodation or discussing alternatives, Constable Rosen terminated Deputy Moss effective April 16, 2013, *before* his right to even paid leave had expired.

Please be advised that Constable Rosen and Harris County have violated the Harris County medical leave policy, the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), and the Texas Labor Code. Constable Rosen and Harris County have also slandered Deputy Moss by stating false reasons for his termination, including in e-mails sent to Deputy Moss's former colleagues. Also, for unknown reasons, Deputy Moss was not timely provided with a Form F-5 stating the reason for his termination, which is a violation of Texas law. Constable Rosen and Harris County have retaliated against Deputy Moss for exercising his rights under federal and state law and for exercising his free speech rights in opposing the election of Constable Rosen. Deputy Moss was deprived of his right to continued health benefits and his right to an honorable discharge. He has been forced to incur attorney's fees to correct the Form F-5, and his reputation has been damaged.

Deputy Moss seeks recovery of his damages as permitted under Texas and federal law and, to the extent his claims are covered by the Texas Tort Claims Act, he provides notice under that statute.

Please advise if this notice should be sent directly to Constable Rosen or another individual representing Harris County. Thank you for your attention to this matter.

Sincerely,

Karen Shropshire

Karen G. Shropshire

KGS/ls